HON. BARBARA ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ADOLPH, individually and on behalf of all others similarly situated; KERRI ADOLPH, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>REED HEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,<br><br>Defendants. | Case No. 2:21-cv-01378<br><br>ORDER GRANTING STIPULATED MOTION TO CERTIFY CLASS |

This matter came before the Court on the parties' Stipulated Motion to Certify Class. Plaintiff is represented by Gregory Albert, Defendant Brandon Reed is represented by Daniel Bugbee, and Defendants Reed Hein and Makaymax Inc. are represented by Jack Lovejoy. The Court considered the following:

1. Plaintiffs' Class Action Complaint;

2. The parties' Stipulated Motion for Class Certification;

3. Declaration of Gregory Albert, Declaration of Brandon Reed, Declaration of Daniel Bugbee, and Declaration of Brian Adolph.

The parties' Stipulated Motion to Certify Class is hereby GRANTED. The class shall be defined as: All persons who paid fees to Reed Hein for services to terminate their timeshare obligations, except those persons who received refunds of the fees that they paid. Certification of the class is appropriate because:

1. The class is so numerous that joinder of all members is impracticable. The class consists of over 34,000 members, satisfying the requirements of Fed. R. Civ. P. 23(a)(1);

2. There are questions of law or fact common to the class. All class members have claims under the Washington State Consumer Protection Act, and Plaintiffs allege Reed Hein subjected all members of the class to false or misleading statements and omissions on which the class members relied, satisfying the requirements of Fed. R. Civ. P. 23(a)(2);

3. The claims of the representative party are typical of the claims of the class. Plaintiffs allege Reed Hein subjected all class members to false or misleading statements and omissions on which the class members relied, satisfying the requirements of Fed. R. Civ. P. 23(a)(3);

4. Brian Adolph will fairly and adequately advocate the interests of the class. The plaintiff has no known conflicts of interests with the class and has previously engaged in litigation against Reed Hein, satisfying the requirements of Fed. R. Civ. P. 23(a)(4);

5. Questions of law or fact common to the members of the class predominate over questions affecting only individual members. Plaintiffs allege Reed Hein subjected all class members to false and misleading statements and omissions on which the class members relied, satisfying the requirements of Fed. R. Civ. P. 23(b)(3);

6. A class action is superior to other methods available for the fair and efficient adjudication of the controversy. The average class member has a small dollar claim and would be unlikely or unable to pursue their claims without certification of this class action, satisfying the requirements of Fed. R. Civ. P. 23(b)(3);

7. Albert Law PLLC will fairly and adequately represent the interests of the class as class counsel.

8. This action is manageable as a class action.

IT IS FURTHER ORDERED that Brian Adolph shall serve as class representative for the class certified herein.

IT IS FURTHER ORDERED that Gregory Albert, WSBA No. 42673, shall serve as class counsel for the class certified herein.

IT IS FURTHER ORDERED that within fourteen days of the date of this Order, the parties through their counsel shall meet and confer to determine the most cost-effective and efficient means to provide adequate notice to the class, and advise the Court of any such agreement. If no agreement is reached, the parties shall submit to this Court, no later than seven days thereafter, their proposed means of providing adequate notice to the class.

IT IS FURTHER ORDERED that the parties are to meet and confer on a proposed form of notice to be mailed to the class by Plaintiff and submit the same to the Court promptly after the date of this Order. If no such agreement is reached, the parties shall submit to this Court their proposed form of notice promptly thereafter.

With respect to the nature and form of notice, the Court shall then rule or schedule a hearing, as it deems necessary in its discretion.

IT IS SO ORDERED.

DATED this 25th day of October, 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge