HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN ADOLPH, individually and on behalf of all others similarly situated; KERRI ADOLPH, individually and on behalf of all others similarly situated;

     Plaintiff,

v.

REEDHEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,

     Defendants.

Case No. 2:21-cv-01378-BJR

**PLAINTIFFS' UNOPPOSED MOTION FOR 1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, 2) DIRECTION OF NOTICE TO CLASS MEMBERS, AND 3) A FAIRNESS HEARING DATE**

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

1

## I.    RELIEF REQUESTED

Brian Adolph, on behalf of the class certified on October 25, 2022 (Dkt. #23), respectfully requests the Court grant the following relief:

### a.  Relief Requested: Preliminary Approval of Settlement Agreement

Brian Adolph respectfully moves this Court to grant preliminary approval for a class action settlement reached through arms-length negotiations on April 11, 2022 in order to avoid a cost-prohibitive litigation with little prospect of a financial recovery. The agreement stipulates to a judgment with a covenant not to execute for the full amount of damages claimed, $630,187,204, assigns the rights to two colorable insurance bad faith claims to the Class, and assigns the rights to other multi-million dollar claims to the Class. The settlement agreement also waives privileges between Reed Hein and its counsel, so that class members can obtain documents to use in lawsuits as other sources of recovery.

The Declaration of Gregory Albert provides a more in-depth analysis of why those terms are objectively superior to continued litigation. Albert Decl., ¶¶ 23-26. Reed Hein is insolvent, and Mr. Reed's remaining net worth is minimal. Albert Decl., ¶23. Mr. Reed has a fifty percent interest in Happy Hour Media Group LLC, which has $1,489,966.90 in equity but $1,624,028 in debt. *Id.* The only other substantial asset Mr. Reed has is an "overdue" account receivable for $623,730 for a loan to Trevor Hein that Mr. Hein has declined to repay. *Id.* If the parties continued litigation, any assets Brandon Reed could liquidate would likely be consumed by both parties' attorney fees and class action administration costs before being distributed to a 30,000-member class.

The foregoing settlement terms are the product of years of litigation and negotiations,

**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT - 2**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

culminating in a mediation with King County Judge (ret.) Laura Inveen that began on November 23, 2021. Albert Decl., ¶22. Brian Adolph has been litigating against Reed Hein since August, 2021. *Id.* at ¶21. Counsel for the Plaintiff Class has been litigating similar claims against Reed Hein since January 2020, including greater than forty arbitrations, fourteen evidentiary hearings, and thirteen favorable arbitration awards. Albert Decl., ¶49.

### b. Relief Requested: Direction of Notice to Class Members

Since there is no money changing hands as an immediate result of this settlement, the Class requests the Court allow counsel to employ a cost-effective staggered system of notice. First, Class Counsel will send emails to each Reed Hein customer using the email addresses maintained by Reed Hein. Albert Decl., ¶¶55-56. The emails will contain the proposed long-form notice and will contain a link to a website containing more information. The already-published website contains a long-form notice, case documents, an FAQ, and instructions on how to object or opt-out of the settlement. Ex. 6, Albert Decl. The emails will contain a "cookie" that notifies the sender when the customer clicks on the link to the website. Albert Decl., ¶56. Once the un-contacted customers can be determined, class action administration firm Simpluris, Inc. will mail each remaining customer a short-form notice, skip-trace the customers whose letters are "undeliverable," and send short-form notice to their new addresses. Albert Decl., ¶57. Each short-form notice will contain links to the website. The parties will thereafter notify the court on the success of those notice campaigns.

### c. Relief Requested: Set a Fairness Hearing

Plaintiff respectfully requests that the Court set a fairness hearing on or after March 1, 2023, which gives the parties adequate time to effect both methods of notice, provides class

members enough time to make decisions, and gives sufficient time to brief the Court before the fairness hearing.

## II.    EVIDENCE RELIED UPON

The Class relies upon the following evidence:

    a.  Declaration of Brandon Reed

    b.  Declaration of Gregory Albert containing the following attachments:

        Ex. 1: April 11, 2022 Settlement Agreement;

        Ex. 2: Proposed Covenant Judgment;

        Ex. 3: Proposed Email Notification to Class Members;

        Ex. 4: Proposed Long-Form Notice;

        Ex. 5: Proposed Short-Form Notice;

        Ex. 6: Screenshot from ReedHeinClass.com;

        Ex. 7: Proposal from class action administration company Simpluris, Inc.;

        Ex. 8: Deposition testimony from Trevor Hein;

        Ex. 9: Insurance Carrier QBE's Reed Hein Policy (232 pages);

        Exs. 10-14: QBE's Communications with Reed Hein;

        Ex. 15: RSUI's D&O policy with Reed Hein;

        Exs. 16-17: RSUI's Communications with Reed Hein;

        Ex. 18: Arbitration Awards issued against Reed Hein.

**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT - 4**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

### III.    STATEMENT OF FACTS

#### a.  Summary of Allegations Against Reed Hein

The Class alleges that Reed Hein and Associates have defrauded greater than 30,000 customers out of greater than $200,000,000. Dkt. No. 1 (Complaint). Since its founding, Reed Hein claimed to be a "consumer-advocacy firm" that was capable of "forcing" timeshare developers to "take back" a customer's timeshare. Reed Hein claimed to have a "proprietary timeshare-exit process" that included direct negotiation with timeshare developers. Finally, Reed Hein's "one-hundred-percent money-back guarantee" promised to refund a customer's fee if Reed Hein was unable to deliver a "timeshare exit." Reed Hein made each of those claims and omissions in mandatory sales meetings with prospective customers for the purposes of inducing those customers' reliance on the claims and omissions.

Reed Hein's claims were untrue. In fact, Reed Hein never had a meaningful plan to terminate any customer's timeshare obligations, and timeshare developers flatly refused to negotiate any customer's case with Reed Hein. In fact, hiring Reed Hein made it more difficult for customers to get out of their timeshare obligations because timeshare companies refused to negotiate with Reed Hein customers. Finally, Reed Hein's "one-hundred-percent money-back guarantee" was an empty promise: even when Reed Hein failed to deliver on its promise of a "timeshare exit," Reed Hein refused to refund customer fees, sometimes giving customers contrived *post-hoc* excuses and sometimes ignoring them altogether.

#### b.  Summary of Proceedings and Settlement Negotiations

Counsel for the Plaintiff Class has been litigating against Reed Hein since January 2020,

resulting in $613,861 in awards and settlements. Dkt. No. 21, ¶3. On August 2, 2021, Mr. Adolph filed his first claims against Reed Hein with the American Arbitration Association. Albert Decl., ¶21. When Reed Hein neglected to pay the arbitration fee, Mr. Adolph withdrew that action and filed the above-entitled action. *Id.* Mr. Adolph served Plaintiff's First Set of Interrogatories and Requests for Production on January 13, 2022. *Id.* Reed Hein responded on February 14, 2022 with greater-than 454 megabytes of responsive documents, including a spreadsheet of all Reed Hein customers' information. *Id.*

On September 18, 2021, Reed Hein, Brandon Reed, and Trevor Hein entered a consent decree for $22,000,000 with Washington State. *State v. Reed Hein & Associates et al.*, King County Superior Court Case No. 20-2-03141-1, Dkt. No. 300. According to the decree, the defendants in that lawsuit would not be required to pay more than $2,610,000 as long as they abided by the terms of the consent decree, which included ceasing their unfair and deceptive tactics and meeting certain payment deadlines. *Id.*

On November 23, 2021, the parties mediated the above-named action with retired King County Judge Laura Inveen at Hilyer Dispute Resolution. Albert Decl., ¶22. The parties continued negotiating through phone calls with Judge Inveen. *Id.* The parties negotiated all the terms contained in the final settlement agreement through Judge Inveen and executed a refined CR2A agreement on April 11, 2022. *Id.*

### c.  The Terms of the April 11, 2022 CR2A Agreement

The April 11, 2022 CR2A Agreement contains the following terms (in summary):

1.  Reed Hein agrees to a judgment with a covenant not to execute in the full amount requested, trebled up to $25,000 with an interest rate of 12% annually (Ex. 1, Section

**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT - 6**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

II, ¶1, Albert Decl.);

2.  Reed Hein will produce contact information and the amount paid by each Reed Hein customer (*Id.* at ¶2);

3.  Reed Hein will stipulate to class certification, any motions necessary to effect a judgment and recovery for the foregoing amount of damages (*Id.* at ¶3);

4.  Reed Hein and Brandon Reed assigned all rights to all potential insurance bad faith claims to the Class (*Id.* at ¶4);

5.  Reed Hein will give any truthful testimony necessary to effect class certification and third-party claims (*Id.* at ¶5);

6.  Reed Hein assigns any claims against Trevor Hein to the Class (*Id.* at ¶6);

7.  Reed Hein assigns any claims against Mitchell Sussman and Kenneth Privett to the Class and waives all privileges between Reed Hein and those law firms (*Id.* at ¶7);

8.  Reed Hein assigns any claims against Ardent Law Group and its principals to the Class, waives any privileges it has with those persons; and will produce a document shown to Class Counsel during the November 2021 mediation containing Reed Hein's liability theories against Ardent Law Group and its principals (*Id.* at ¶¶8-9);

9.  Reed Hein assigns any rights to claims against any timeshare developer to the Class (*Id.* at ¶10);

10. Reed Hein will stipulate to the reasonableness of the settlement and the covenant judgment, and will cooperate and give testimony to effect the agreement (*Id.* at ¶¶11-12);

11. Reed Hein will stipulate to every theory of liability identified in the Complaint (*Id.*

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 7
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

at ¶14);

12. Reed Hein will waive all privileges with the law firms who represented it in lawsuits with the timeshare companies in the Middle District of Florida, and will produce those firms' Reed Hein files (*Id.* at ¶15);

13. Reed Hein will fully respond to Plaintiffs' January 11, 2022 discovery requests (*Id.* at 16).

Ex. 1, Albert Decl.

According to the testimony of Gregory W. Albert and for the reasons given therein, accepting the foregoing terms of the agreement is preferable to continued litigation against Reed Hein and Brandon Reed because 1) Reed Hein is insolvent and unable to produce income and 2) Brandon Reed's remaining net worth would be consumed by further litigation, fees, and the costs of administering a class action settlement. Albert Decl., ¶¶23-24. Mr. Albert's declaration provides a thorough analysis explaining why this agreement is preferable to continued litigation. *Id.* at ¶23-27. In summary:

1. Each insurance bad faith claim is colorable and potentially worth $630,187,204 before trebling under IFCA. Albert Decl. ¶26(a)-(b). Although Reed Hein tendered the complaint to insurance carriers QBE and RSUI in October 2021, QBE ignored the tender for eleven months. *Id.* at ¶26(a)(i)-(v). RSUI refused to defend for reasons that do not appear applicable to this case. *Id.* at ¶26(b)(i)-(v).

2. The claims against Trevor Hein are potentially worth $10,000,000 for breach of contract and conversion. *Id.* at ¶26(d)(i). Mr. Hein has already testified that he borrowed $10,000,000 from Reed Hein and never paid it back, Ex. 8 at 254:22-255:1,

**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT - 8**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Albert Decl.;

3. The claims against Ardent Law are worth approximately $8,000,000. Albert Decl., ¶26(e)(i). Mr. Reed will testify that he paid Ardent Law $8,000,000 because its principals told him it would file a mass-action against the timeshare company. Ex. 1, Section II, ¶9, Albert Decl.

4. The waiver of privileges, favorable testimony, and stipulations are have value to Class members seeking recovery from other parties. *Id.* at ¶26(f)(i)-(iii).

In contrast, continued litigation promises to demand thousands of hours of additional attorney time and costs without any realistic prospect of recovery. Albert Decl., ¶24.

### d. Denying the Motion Might Negate the Value of the Terms of the CR2A Terms

Since the Court stands in the shoes of the class members when evaluating a settlement agreement, it should be made aware that the value of the insurance bad faith claims will probably evaporate if the Court rejects this settlement. The parties arrived at the settlement agreement on April 11, 2022, after Reed Hein's insurance carrier, QBE, ignored Reed Hein's October 2021 tender and refused to defend Reed Hein for eleven months. However, once QBE became aware Reed Hein had assigned its bad faith claims to the Class, it changed its position and offered to defend the case in September 2022. If the Court rejects this settlement agreement, then the insurer may have another opportunity to defend the case and cure the damages it caused. In that case, the insurance bad faith claims will likely dissolve, leaving the Plaintiffs with little prospect of recovery. Therefore, the Class respectfully submits that it has an interest in seeing the settlement agreement approved.

1

## IV.    LEGAL ANALYSIS

### a.  Preliminary Approval is Appropriate

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise or settlement of class action claims. There are three steps to be taken by the Court in considering approval of a tentative class-action settlement: (i) the Court must preliminarily approve the proposed Settlement; (ii) members of the Class must be given notice of it; and (iii) a final hearing must be held, after which the Court must decide whether the tentative Settlement is fair, reasonable, and adequate. *See* Manual for Complex Litigation (Fourth) § 21.632 at 320-21 (4th ed. 2004) ("Manual"). Approval of a proposed class-action settlement is a matter within the sound discretion of the district court. *E.g.*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Create-A-Card, Inc. v. INTUIT, Inc.*, 2009 U.S. Dist. LEXIS 93989, at *7 (N.D. Cal. Sept. 22, 2009) (addressing final approval).

Preliminary approval does not require the Court to answer the ultimate question of whether a tentative settlement is fair, reasonable and adequate. That decision is instead made only at the final-approval stage, after notice of the Settlement has been given to the Class Members and they have had an opportunity to voice their views. *See* 5 James Wm. Moore, Moore's Federal Practice § 23.83(1) at 23-336.2 to 23-339 (3d Ed. 2002). Preliminary approval is merely the prerequisite to giving notice so that members of a class have "a full and fair opportunity to consider the proposed [settlement] and develop a response." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

Courts have consistently noted that the standard for preliminary approval is *less rigorous* than the analysis at final approval. Preliminary approval is appropriate as long as the tentative

settlement falls "within the range of possible judicial approval." A. Conte & H.B. Newberg, NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2002) (quoting MANUAL FOR COMPLEX LITIGATION THIRD § 30.41 (1997)); MANUAL, § 21.632 at 321. Instead, courts employ a "threshold of plausibility" standard intended to identify conspicuous defects. *See*, *e.g.*, *Kakani v. Oracle Corp*., 2007 U.S. Dist. LEXIS 47515, at *16 (N.D. Cal. June 19, 2007); *In re Inter-Op Hip Prosthesis Liab. Litig*., 204 F.R.D. 330, 337-38 (N.D. Ohio 2001). Unless the Court's initial examination "disclose[s] grounds to doubt its fairness or other obvious deficiencies," the Court should order that notice of a formal fairness hearing be given to settlement class members under Rule 23(e). *See* MANUAL, § 21.633 at 321-22.

### 1. The proposed settlement is sufficiently fair, reasonable, and adequate for preliminary approval.

To determine whether a settlement is fair, adequate, and reasonable, "a district court must consider a number of factors, including: [1] the strength of plaintiffs' case, [2] the risk, expense, complexity, and likely duration of further litigation, [3] the risk of maintaining class action status throughout the trial, [4] the amount offered in settlement, [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant (not applicable); and [8] the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).

On a preliminary-approval basis, the proposed settlement meets all the applicable factors.

#### i. The strength of Plaintiffs' case justifies the amount offered in settlement.

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 11**
**2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

The parties propose a judgment in the full amount of damages claimed in this case: $630,187,204. That figure was calculated by 1) trebling the damages for each Class Member who paid fewer-than $12,500 and 2) trebling all other Class Members up-to the $25,000 cap on treble damages imposed by the Washington State Consumer Protection Act. Albert Decl., ¶¶32-48.

The strength of the Class's case justifies the amount of the settlement. The settlement is for the full amount of damages requested, including treble damages. Ex. 1 at Section II, ¶1. Class Counsel has successfully litigated or settled 38 arbitrations making substantively similar claims based upon violations of the same statutes and common law. Albert Decl., ¶49. In the fourteen arbitration *hearings* Class Counsel has prosecuted, the claimants prevailed in every hearing but one. *Id.* The complaint in this case alleges all the same facts, causes of action, and theories cited by arbitrators in their numerous awards. Ex. 18, Albert Decl.

### ii. The risk, expense, complexity, and likely duration of further litigation

Reed Hein has repeatedly demonstrated a willingness to fight the Plaintiff's claims. Reed Hein retained skilled class-action defense counsel Corr Cronin, LLP, who simultaneously litigated against the State of Washington and Albert Law PLLC in their respective actions against Reed Hein. Defendants and their counsel did not settle with Washington State until after their original trial date and they litigated fourteen of Albert Law's client's claims to arbitration decisions. If the settlement agreement is not approved, QBE has offered to continue paying for Corr Cronin to defend Reed Hein in this action, at which point this case will resume a full litigation and probable trial.

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 12
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

Even if Reed Hein was unable to continue paying for litigation, the possibility of a messy and expensive bankruptcy proceeding militates in favor of settlement. Should Reed Hein volunteer or be forced into bankruptcy, Brandon Reed's remaining assets would be liquidated and the proceeds would have to be shared with other creditors. The Class has an interest in ensuring that does not happen.

### iii.  The risk of maintaining class action status throughout the trial

The CR2A agreement stipulates to class action certification for the purposes of settlement. Ex. 1, Albert Decl. If the settlement proposal is rejected, Reed Hein and Brandon Reed may be able to withdraw the stipulation and move to de-certify the class. Furthermore, the Court certified the current class because all parties can plausibly allege treble damages through the Washington Consumer Protection Act. However, not all plaintiffs' cases have identical facts and causes of action. If the class is de-certified, the plaintiffs will be forced to separate into multiple classes due to the strengths and idiosyncrasies of the various plaintiffs' cases, then move for certification against opposition. For those reasons, the risk of being unable to maintain the current cohesive class is great, further meriting settlement.

### iv.  The extent of discovery completed and the stage of proceedings

The issues in this matter have been intensely litigated for years, resulting in the exchange of tens of thousands of pages of discovery documents and seventeen depositions and examinations taken in evidentiary hearings. Albert Decl., ¶49-53. In the current lawsuit Defendant answered 19 interrogatories and 15 requests for production, resulting in the production of 454 megabytes of documents. *Id.* at ¶21. In prior lawsuits *Gerald Siegrist v. Reed Hein* and *Phillip Isaacs v. Reed Hein*, Albert Law served Reed Hein 22 interrogatories and 42

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 13
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

requests for production, each, resulting in thousands of pages of production. Albert Decl., ¶50. Plaintiff has also obtained greater-than ten thousand pages of documents from the Washington State Attorney General through Washington State Public Records Act. Albert Decl., ¶¶51. Plaintiff has obtained twelve transcripts of Reed Hein officers' depositions via PACER. Albert Decl., ¶¶52-53. Plaintiff's counsel has spent approximately one thousand dollars in PACER charges just to download documents. *Id.* Plaintiff's counsel believes he already has sufficient documents to prevail at trial in this case.

#### v.   The experience and views of counsel

On October 25, 2022, this Court issued an order finding that Albert Law PLLC will fairly and adequately represent the interests of the class and ordered Gregory Albert to serve as Class Counsel. Dkt. No. 23, ¶¶7-8. Although Class Counsel would like to recover liquid assets and money from Brandon Reed and Reed Hein, Reed Hein is insolvent and Brandon Reed's remaining assets would be negligible for the Class, even before Defense counsel fees, Plaintiff's counsel fees, and costs are deducted. Given that this settlement agreement assigns two $600,000,000 claims to the Class, a one-percent chance of recovery on those claims is greater than ten times the value of Mr. Reed's remaining assets.

#### vi.   The reaction of the Class Members to the proposed settlement.

Notice has not been provided to class members yet so that factor cannot be evaluated currently. However, it may be noteworthy to the Court that Class Counsel has spoken to greater than 50 Reed Hein customers about the fact that Reed Hein is insolvent and will be unable pay refunds. Albert Decl., ¶54. Although disappointed, the customers are generally unsurprised and have endorsed whatever action can be taken to obtain some recovery. *Id*. It seems unlikely that

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 14
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

any class member would have an interest in abandoning the insurance bad faith claims in favor of Brandon Reed's remaining funds.

### 2. The Proposed Settlement Is the Result of Arm's-Length Litigation and Negotiations between Parties

In addition to the factors discussed heretofore, the Court must also be satisfied that "the settlement is not the product of collusion among the negotiating parties" when, as here, "the settlement agreement is negotiated prior to formal class certification." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). Factors considered include whether (1) the settlement resulted from arm's-length negotiations between experienced, capable counsel; (2) the end result achieved; and (3) whether counsel are to receive a disproportionate distribution of the settlement under a "clear sailing" arrangement providing for the payment of attorney fees separate and apart from class funds where fees not awarded revert to defendants rather than to the class. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996) (a presumption of correctness attached to a class settlement reached in arm's-length negotiations between experienced, capable counsel); *See also Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.,* 834 F.2d 677, 684 (7th Cir. 1987) ("[r]ather than attempt to prescribe the modalities of negotiation, the district judge permissibly focused on the end result of the negotiation. . . . The proof of the pudding was indeed in the eating.").

The settlement agreement is the product of an arms-length mediation with a qualified mediator, greater-than two years of litigation, forty arbitrations, and fourteen evidentiary hearings. Albert Decl., ¶21; ¶49. There can be no disproportionate amount of fees to be paid to Class Counsel because the agreement does not include the exchange of any liquid or liquid-able assets or property. Neither Class Counsel nor class representative Brian Adolph will

receive any money until they successfully prosecute the assigned claims in additional actions, at which point the payment of attorney fees and class representative fees will be reviewed by the Court again in new approval proceedings.

**b. The Court Should Order Notice Be Provided to the Class**

Reasonable notice must be provided to Class Members to allow them an opportunity to object to the proposed Settlement. *See Durrett v. Housing Auth. of Providence*, 896 F.2d 600, 604 (1st Cir. 1990). Rule 23(e) requires notice of a proposed settlement "in such manner as the court directs." In a settlement class maintained under Rule 23(b)(3), class notice must meet the requirements of both the Fed. R. Civ. P. 23(c)(2) and 23(e). *See Carlough v. Amchem Prods., Inc.*, 158 F.R.D. 314, 324-25 (E.D. Pa. 1993) (stating that requirements of Rule 23(c)(2) are stricter than requirements of Rule 23(e) and arguably stricter than the due process clause). Under Rule 23(c)(2), notice to the Class must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," although actual notice is not required. *See e.g. Amchem Prods. v. Windsor,* 521 U.S. 591, 617 (1997)*; Reppert v. Marvin Lumber & Cedar Co.,* 359 F.3d 53, 56 (1st Cir. 2004); *see also Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

The MANUAL sets forth several elements of the "proper" content of notice. If those requirements are met, a notice satisfies Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e) and due process, and binds all members of the Class. The Notice must:

1. Describe the essential terms of the Settlement;

2. Disclose any special benefits or incentives to the Class Representatives;

3. Provide information regarding attorneys' fees;

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 16
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

4. Indicate the time and place of the hearing to consider approval of the

Settlement, and the method for objection to and/or opting out of the Settlement;

5. Explain the procedures for allocating and distributing Settlement funds; and

6. Prominently display the address of Class counsel and the procedure for

making inquiries.

MANUAL, ¶ 30.212 (3d ed. 1995); *see also*, *e.g.*, *Air Lines Stewards & Stewardesses Ass'n Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement and informed of opportunity to object at the hearing satisfied due process).

The Class has drafted two forms of notice to provide the class members. Exs. 4-5, Albert Decl. The long-form notice contains all the foregoing requirements. Ex. 4, Albert Decl. The short form notice can be fit onto a postcard, which directs the reader to a website containing the long-form notice, "reedheinclass.com." Exs. 5-6, Albert Decl.

Plaintiff's counsel wants to hire Simpluris Inc. to help provide notice to the Class members. Albert Decl., ¶57. Simpluris Inc., is a class action administration firm. Simpluris proposes sending short-form notice mailers to customers, which directs them to a website containing the long-form notice. *Id.* Then they assess number of "undeliverables," use skip-tracing to find the new mailing addresses for those individuals, and "remail" the customers at the new address. *Id.* For those customers who cannot be remailed, the administrator locates email addresses and sends the notice again *via* email. Simpluris Inc.'s approach has been approved in the following cases: *Carroll, et al. v. Flexsteel Industries, Inc., et al.*, U.S. District Court, Northern District of Iowa, 2:21-CV-01005; *Rodriguez, et al. v. Cascade Collections*, U.S. District Court, District of Utah, 2:20-CV-00120; *Aceves, et al. v. Autozone, Inc.*, U.S.

District Court, Central District of California, 5:14-CV-02032, *Mendoza, et al. v. Aldi, Inc., et al.*, California Superior Court, Los Angeles Division, 19STCV21190 *McKillips, et al. v. City of Atlanta*, Georgia Superior Court, Fulton County, 2019CV322978.

**Two-Step Process:**

Since the settlement agreement transfers no money, the Plaintiffs respectfully requests that the Court allow Plaintiff's counsel to provide notice to Class members electronically before paying Simpluris to contact the remainder. In addition to being more cost-effective, the Class argues that email notification is more efficient because email addresses have proven more static than mailing addresses for Reed Hein customers, and Reed Hein has maintained email addresses for every customer. Albert Decl., ¶55.

Plaintiff proposes the following: within two weeks of the date of the Court's order directing notice, Class Counsel will send an email to each Reed Hein customer using the email addresses Reed Hein maintained for each client. Ex. 3, Albert Decl. The email will contain the full long-form notice and a link to a website, *reedheinclass.com*, for more information. *Id*. The website will contain links to another long-form notice, as well as a Frequently Asked Questions section, a copy of the complaint, and a copy of the class certification order.[1] Ex. 6, Albert Decl.; *See also* Ex. 4. The website, *reedheinclass.com*, will also inform each customer how to opt out of the class or lodge objections to the settlement. Each email will contain a "cookie" that will inform the sender whether the reader opened the email, as well as whether the recipient also clicked the link to visit the website. Albert Decl., ¶55. Class counsel will preserve all that metadata for the class-action administrator and the Court.

---

[1] *See* reedheinclass.com;

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 18
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

Plaintiff requests to retain the services of Simpluris, Inc. *after* assessing how many customers remain who did not receive electronic notice. Ex. 7, Albert Decl. Simpluris estimates the cost of providing notice to customers will be approximately one dollar per customer. *Id.* at 2. Included in that plan is a short-form notice sent to customers via postcard, skip-tracing for the approximate 10% of undeliverable postcards, and "remail" of notice to the skip-traced customers. *Id.* Simpluris estimates that skip-tracing is successful for 75% of customers. *Id.* Simpluris will then send new emails to the remaining customers.

One month after initially sending notice, Plaintiff will update the Court regarding how many customers did not receive letters or emails.

**One-Step Process:**

If the Court does not approve the more cost-effective two-step process, the Class respectfully requests the Court order that Simpluris serve all notice at the approximate rate of one dollar per customer. Simpluris anticipates that 10% of mailed notices will be undeliverable. *Id.* It estimates that 75% of those undeliverable addresses will be found through skip-tracing. It will then re-mail the postcards to the 75% of mailing addresses found. Then, it will send an email to the remainder, skip-trace email addresses that are not deliverable (estimated 70%), and re-email those notices to the new addresses. *Id.*

One month after initially sending notice, Plaintiff will update the Court regarding how many customers did not receive letters or emails.

**c.  The Court Should Set Settlement Deadlines and Schedule a Fairness Hearing**

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing the Notices, and deadlines for objecting to the

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 19
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

Settlement and filing papers in support of the Settlement. Plaintiffs propose the following schedule, which the parties believe will provide ample time and opportunity for Class Members to decide whether to request exclusion or object. The proposed schedule assumes that the Court timely approves the Settlement on a preliminary basis and approves the two-step notice process.

1.  Website: the website is already running at reedheinclass.com;

2.  Email Notice: the email notices shall be sent no later than fourteen days after the date of the order directing notice;

3.  Mail Notice: mail notice will be sent within 28 days of sending email notice;

4.  Report to Court: within 28 days of sending mail notice, Class Counsel will report back to the Court about the number of notice that have not been delivered;

5.  Fairness Hearing: Plaintiff respectfully requests that the Court schedule a fairness hearing to hear all objections to the proposal on or after March 1, 2023.

## V.    CONCLUSION

The Class respectfully requests the foregoing forms of relief: 1) preliminary approval of a settlement agreement containing no obvious defects, 2) the two-step or one-step process for serving notice to customers, and 3) a fairness hearing set on or after February 14, 2023.

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 20
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

1

2

3

DATED this 2nd day of December, 2022.

4

5

_____
Gregory Albert, WSBA No. 42673
Albert Law PLLC
3131 Western Ave, Ste 410
Seattle, WA 98121
greg@albertlawpllc.com
(206) 576-8044
*Attorney for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 21
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

1

## CERTIFICATE OF SERVICE

2

      The undersigned certifies under penalty of perjury under the laws of the State of

3

Washington that, on the below date, I caused the foregoing document to be delivered to:

4

**TO:**            **Brandon Reed, Reed Hein & Associates, LLC, and Makaymax, Inc.**

5

                    c/o Daniel J. Bugbee
DBS Law

6

                    155 NE 100th St Ste 205
Seattle, WA 98125

7

                    (206) 489-3802
dbugbee@lawdbs.com
*Attorney for Defendant Brandon Reed*

8

9

                    c/o Steven W. Fogg
Jack M. Lovejoy
John T. Bender

10

                    Maia R. Robbins
Corr Cronin LLP

11

                    1015 Second Ave., Floor 10
Seattle, WA 98104

12

                    206-625-8600
jlovejoy@corrcronin.com
*Attorney for Defendants Reed Hein & Associates, LLC, and Makaymax, Inc.*

13

14

      **Method(s) of Service:**

15

☐ Electronic Mail    ☐ U.S. Mail    ☐ Personal Service/ Messenger

16

☒ E-Service    ☐ Facsimile Transmission    ☐ Other:_____

17

Notes:

18

Service through ECF system

19

20

Dated this day, December 5, 2022 at Seattle, Washington.

21

22

_Gregory W. Albert_

23

Gregory Albert
Albert Law PLLC

24

25

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 22
2:21-cv-01378-BJR**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044