HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ADOLPH, individually and on behalf of all others similarly situated; KERRI ADOLPH, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>REEDHEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,<br><br>Defendants. | Case No. 2:21-cv-01378-BJR<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT |

WHEREAS, this matter has come before the Court pursuant to *Plaintiffs' Motion for Preliminary Approval of Class Settlement* (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Actions and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this settlement and releasing their claims; and

WHEREAS, this Court has considered all of the submissions related to the Motion and

is otherwise fully advised;

IT IS HEREBY ORDERED AS FOLLOWS:

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Settlement Agreement dated April 12, 2022, attached to the Motion as Exhibit 1, are preliminary approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Class, do not improperly grant preferential treatment to any class members, and are subject to further consideration thereof at the Fairness Hearing referenced below. This Order incorporates herein the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meaning in this Order. The Agreement was entered into after extensive arm's length negotiations by experienced counsel. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

**NOTICE TO CLASS MEMBERS**

2. The Court has considered the Class Notice attached as Exhibit 4 and 5 to the Declaration of Gregory W. Albert, and finds that the Class Notice and methodology as described in the Motion (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice, and (c) satisfies the Constitutional requirements regarding notice. In addition, the forms of notice (a) apprise Class Members of the pendency of the Action, the terms of the proposed settlement, their rights and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices.

3. The Court approves the two-step process for providing notice identified in the Classes' motion. Class Counsel shall disseminate long-form notice to all Class Members by email

within fourteen (14) days of the issuance of this Order. The emails sent to Class Members shall contain the full long-form notice and a link to the website, reedheinclass.com. Class Counsel shall preserve metadata showing which emails were opened for the Settlement Administrator and the Court. Within twenty-eight (28) days of sending the aforementioned emails, Class Counsel shall provide the names, email addresses, and mailing addresses of all Class Members who did not open their emails.

4. The Court appoints Simpluris, Inc. as Settlement Administrator. The Settlement Administrator shall follow the plan identified in Exhibit 7, Albert Declaration. After being provided the names and contact information for Class Members who did not open their emails, Simpluris shall mail the short-form notice via postcard to the remaining Class Members who did not receive notice of the Class Action. For all undeliverable postcards, the Settlement Administrator shall perform a skip-trace for those undeliverable addresses and remail the short-form notice to those skip-traced addresses.

5. Not later than 10 days before the date of the Fairness Hearing, the Class Action Settlement Administrator shall file with the Court (a) a list of those person who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods and results of the Class Notice.

### REQUEST FOR EXLCUSION FROM THE CLASS

6. Class Members who wish to be excluded from the Class must mail a written request for exclusion to the Class Action Settlement Administrator postmarked no later than 30 days prior to the Fairness Hearing. Any request for exclusion must be signed by the potential Class Member and contain the following information: name, address, and telephone number of the Class Member.

7. Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, they may not assert an objection

to the Settlement. The Class Action Settlement Administrator shall provide copies of any request for exclusion to Class Counsel and Defendant's Counsel within 10 days of receipt of any such request for exclusion.

8. Any potential Class Member that does not properly and timely exclude themselves from the Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement and the Final Order and Final Judgment, whether or not such Class Member objected to the Settlement or submits a Claim Form(s).

## OBJECTIONS

9. Any Class Member who has not requested exclusion and who wishes to object to the Settlement must deliver to Class Counsel and Reed Hein's counsel, identified below, a written statement of his/her/its objection. The objection must be postmarked no later than 30 days prior to the Fairness Hearing. To be considered by the Court, any objection must be in writing and include the following information: a statement of objection to the settlement in *Brian Adolph et al. v. Reed Hein & Associates et al.*, Case No. 2:21-cv-01378-BJR; the name, address, and telephone number of the objecting Class member; the specific reasons why the Class member objects to the settlement (including any legal support); any evidence or other information the objecting Class Member intends to rely on; a statement whether the objecting Class Member intends to appear at the Fairness Hearing; and the Class Member's signature. No objection that fails to satisfy these requirements and any other requirements found in the Notice shall be considered by the Court.

| Class Counsel | Reed Hein's Counsel | Court Clerk |
|---|---|---|
| Gregory W. Albert<br>Albert Law PLLC<br>3131 Western Ave, Ste 410<br>Seattle, WA 98121 | Jack Lovejoy<br>Corr Cronin LLP<br>1015 Second Ave., Fl. 10<br>Seattle, WA 98104 | U.S. District Court<br>Clerk's Office<br>700 Stewart St., Ste. 2310<br>Seattle, WA 98101 |

**FAIRNESS HEARING**

10. The Fairness Hearing will be held on March 21, 2023 at 1:00pm before this Court, at the United States District Court, Western District of Washington, 700 Stewart Street, Seattle, WA 98101, to consider whether the Settlement should be finally approved as fair, reasonable, and adequate.

11. On or before March 13, 2023, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Settlement.

12. Any Class Member who has not excluded themselves from the Class may appear at the Fairness Hearing in person or by counsel (at their own expense) and may be heard, to the extend allowed by the Court, either in support of or in opposition to the Settlement. However, no Class Member shall be heard at the Fairness Hearing unless such person files a "Notice of Intent to Appear in *Brian Adolph et al. v. Reed Hein & Associates et al.*, Case No. 2:21-cv-01378-BJR" with the Clerk of Court on or before March 8, 2023 and delivers the same to Class Counsel and Defendants' counsel so that it is received by March 8, 2023. In the notice, the Class Member must include their name, address, telephone number, and a signature. Class Members who intend to object at the Fairness Hearing must also have followed the procedure for objection in writing as set in Paragraph 9 of this Order.

13. The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website.

5

14. Any Class Member may hire an attorney at their own expense to appear in the action. Such attorney shall serve a Notice of Appearance on Class Counsel so that it is received on or before March 8, 2023 and file it with the Court within ten days of service on Class Counsel.

15. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## CONFIDENTIALITY

16. Any information received by the Class Action Settlement Administrator or any other person in connection with the Settlement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Defendants, Defendants' Counsel, the Court, and as otherwise provided in the Agreement.

## OTHER PROVISIONS

17. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement, including modifying the notice to better conform with this order, if necessary.

18. The deadlines set forth in this Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class members – except that notice of any such extensions shall be included on the Settlement website *reedheinclass.com*.

19. Class Counsel and Reed Hein's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order of the Agreement.

20. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

SO ORDERED this 30th day of December, 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

Approved as to form:

____/s/ Gregory Albert_____
Gregory Albert, WSBA No. 42673
Albert Law PLLC
3131 Western Ave, Ste 410
Seattle, WA 98121
greg@albertlawpllc.com
(206) 576-8044
*Attorney for Class*