The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN ADOLPH, *et al.*,

    Plaintiffs,

v.

REEDHEIN & ASSOCIATES, *et al.*,

    Defendants.

NO. 21-cv-1378-BJR

**ORDER RE BRIEFING AND DISCOVERY**

This consumer protection class action suit was filed by Plaintiffs in October 2021 alleging that Defendants had defrauded more than 30,000 customers by claiming to be a consumer advocacy firm that could force timeshare developers to take back a customer's timeshare, for a fee that was backed by a money-back guarantee. But Defendants were not successful in their efforts with timeshare developers and the fee refund guarantee was an empty promise. In due course, the parties reached a settlement with a stipulated judgment. This Court held a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e) and approved the settlement as "fair, reasonable, and adequate." Order Granting Final Approval, ECF No. 43. Judgment was entered for $630,187,204, and the case was closed. ECF No. 45.

ORDER RE BRIEFING AND DISCOVERY

- 1

The Court has reopened the case upon Plaintiffs' motion to reconfirm reasonableness of settlement, ECF No. 51. Defendants' insurer, General Casualty Company of Wisconsin, has been allowed to intervene in this case for purposes of responding to Plaintiffs' motion. ECF No. 57. The parties asked the Court for a conference to resolve a dispute surrounding General Casualty's request for discovery. The Court held a hearing by video conference, and rules as follows.

Under RCW 4.22.060, in a case such as this where insured defendants assign their claim(s) against the insurer to the plaintiff in a settlement, "[a] hearing shall be held on the issue of the reasonableness of the amount to be paid with all parties afforded an opportunity to present evidence. A determination by the court that the amount to be paid is reasonable must be secured." While a class action "fairness" hearing focuses on protecting absent class members, a "reasonableness" hearing focuses on the rights of third parties, such as insurers, because if the amount of the judgment is deemed reasonable, "it becomes the presumptive measure of damages in a later bad faith action against the insurer." *Starr Indem. & Liab. Co. v. PC Collections, LLC*, 25 Wn. App. 2d 382, 398 (2023) (quoting *Bird v. Best Plumbing Grp., LLC*, 175 Wn. 2d 756, 765 (2012)); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn. 2d 178, 188 (2001). As such, insurers must be properly notified and given a chance to participate in these hearings to be potentially bound by the outcome. RCW 4.22.060(1); *Bird*, 175 Wn. 2d at 774.

In this case, General Casualty did not appear at the fairness hearing held by this Court. It has not argued that it did not receive notice, but it now asserts that due process requires it be given time to conduct some limited discovery before it can adequately respond to Plaintiffs' motion and adequately participate in a reasonableness hearing to be held. Although General Casualty provides names of witnesses it wants to depose, it has not provided the Court with any specific information

ORDER RE BRIEFING AND DISCOVERY

- 2

that it expects to elicit from these witnesses, that it does not already have, and that it requires in order to respond to the *Chaussee* factors[1] that form the standard for the Court to consider when determining if the settlement was reasonable.

Accordingly, the Court will extend the deadline for General Casualty's response to Plaintiff's motion by the requested 15 days. In its response, the Court expects General Casualty to set forth the specific reasons why it cannot present facts essential to justify its opposition to the settlement amount, each witness it needs to depose together with the facts it expects to elicit from that witness and how much time it requires for such deposition. Plaintiffs' reply will be due within 7 days following General Casualty's response.

Further, the Court orders the parties to meet and confer and provide a report to the Court on the potential impact of these proceedings to the pretrial and trial dates in the related case in this matter, *General Casualty Company of Wisconsin v. Reed Hein & Associates, LLC et al.*, No. 2:23-cv-00725-TMC. The report shall include the effect of elapsed time to conduct the requested discovery, should it be granted, any further briefing that may be required as a result of such discovery, and time for the Court to rule on all briefing and hold a reasonableness hearing.

In sum:

1. General Casualty's response to Plaintiffs' motion, ECF No. 51, is due on or before January 30, 2026;
2. Plaintiffs' reply is due on or before February 6, 2026;

---

[1] Referring to *Chaussee v. Maryland Cas. Co.*, 60 Wn. App. 504 (1991). The nine factors must be considered to determine if a settlement is reasonable; no single factor controls. *Starr*, 25 Wn. App. 2d at 399.

ORDER RE BRIEFING AND DISCOVERY

- 3

3. The parties' joint report on timing impacts to the related case is due on or before January 26, 2026.

DATED this 20th day of January 2026.

Barbara Jacobs Rothstein
United States District Judge

ORDER RE BRIEFING AND DISCOVERY

- 4