THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ADOLPH, individually and on behalf of all others similarly situated; KERRI ADOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REEDHEIN & ASOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually<br><br>Defendants. | No. 2:21-cv-01378-BJR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONFIRM REASONABLENESS OF SETTLEMENT** |

I.      REPLY

A.      **The Court Should Strike Intervenor's Improper Overlength Brief**

The Court should strike Intervenor's 25-page overlength brief in its entirety or the last 10 pages. LCR 7(g); *accord King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002); *see also* ECF No. 6 at 2. Intervenor invoked the Standing Order to request re-noting this motion. Declaration of Christopher E. Love in Support of Plaintiffs' Reply ("Reply Decl.") Exhibit 1. The Court repeatedly warned the parties to follow its procedures, including the day before Intervenor filed its response brief, after it improperly requested relief and entry of an order via email. Reply Decl. Ex. 2. Intervenor's choice to again gamble on forgiveness rather than compliance to Plaintiffs' detriment is inexcusable.

B.      **Neither Washington Law nor the Facts Support Intervenor's Invented "Waiver" Argument**

Intervenor's "waiver" argument lacks any support. RCW 4.22.060(1) provides: "[i]f an agreement was entered into ***prior to the filing of the action***," a hearing "may be held at any time prior to final judgment." Emphasis added. Otherwise, it provides "[a] hearing shall be held" without limitation. It "is clear from the plain meaning of the words of the statute" that post-judgment hearings are authorized. *Lockwood v. AC & S, Inc.*, 44 Wn. App. 330, 360 (1986), *aff'd*, 109 Wn.2d 235 (1987).

Intervenor's conclusory invocations of "equity," "due process," and various claims of "prejudice" also cannot support its invented "waiver" concept. ECF No. 68 at 12. That is particularly true where the facts belie Intervenor's contention that the "substance and grounds" of the Court's previous reasonableness determination gave it no reason to believe its interests

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO.  2:21-cv-01378-BJR
Page 1 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

potentially were impacted.[1] *Id.*

On December 9, 2022, Intervenor's counsel, Kevin Michael, expressed that it was "important"[2] for Intervenor to file a "potential intent to intervene" "pleading" before the Court's reasonableness determination. Reply Decl. Exhibit 3. On May 12, 2023[3], Mr. Michael wrote to Intervenor regarding "developments in underlying litigation and coverage analysis regarding same" and attached "underlying case filings and coverage memo." *Id.* Ex. 4 at 28. Instead of seeking intervention, ***the same day*** the Court held the reasonableness hearing Intervenor filed the related action alleging that the settlement was a "[s]etup" "fabricate[d] by the parties"; that the stipulated judgment was "grossly inflated and unsubstantiated" and seeking declaratory relief that the settlement before the Court was unenforceable—contrary to the Court's findings in its reasonableness determination. ECF No. 42; Reply Decl. Ex. 5 at 3, 18, 21, 33.

Similarly, Intervenor admits that "its litigation and settlement strategy" in the related action failed to "properly consider" that Plaintiffs would move to reconfirm reasonableness in response to Intervenor's assertions that it was not bound by the Court's previous determination. ECF No. 68 at 12. That Intervenor's litigation and settlement strategy was inconvenienced because Plaintiffs diligently responded is everyday adversarial litigation, not unfair "prejudice"

---

[1] For clarification, Plaintiffs responded to Intervenor's interrogatory in the related action regarding what notice Plaintiffs provided it of the previous reasonableness hearing pointed out that it should not be conflated with this one ***for purposes of notice***. *See* Fed R. Civ. Pr. 23(e)(1) (requiring notice to class members). Plaintiffs also responded that Intervenor did have notice, which it has admitted to the Court.

[2] Where an insurer has notice of the hearing, a stipulated judgment "judged reasonable by a judge" establishes the defendant's "liability and the amount of the settlement as the presumptive damage award." *Mut. of Enumclaw Ins. Co. v. T & G Const., Inc.*, 165 Wn.2d 255, 267 (2008). These preclusion rules avoid "the creation of a perverse incentive for carriers to wait until liability and damages had been established before deciding whether it is cost-effective to intervene." *Mut. of Enumclaw Ins. Co.*, 165 Wn.2d at 263.

[3] Plaintiffs had filed their previous reasonableness motion two days earlier. ECF No. 37

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONFIRM REASONABLENESS OF SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 2 of 13

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

somehow precluding Plaintiffs from obtaining a reconfirmation of reasonableness.

Finally, Intervenor complains that the parties "should now be preparing for the upcoming trial," but in attempting to reopen discovery here it previously represented these proceedings will not have "substantial impacts" on the related action. ECF No. 66 at 4-5; 68 at 12. Likewise, it complains that Judge Cartwright will have no opportunity to address "the effect of any subsequent hearing in this action," but it previously represented that she "may apply judicial notice to this Court's determinations." ECF No. 66 at 4-5; 68 at 12. Finally, during a January 28, 2026 status conference with the parties regarding this action, Judge Cartwright inquired whether anyone wanted to continue the trial date. Reply Decl. ¶3. No party requested a continuance, and Judge Cartwright confirmed trial would proceed as scheduled. *Id.* The Court should take Intervenor at its word to both courts and proceed post-haste to reconfirm reasonableness during a standard motion hearing the week of February 9.

**C.    Intervenor's Speculative, Conclusory, and Unsupported Arguments Cannot Contravene the Overwhelming Evidence Supporting Reasonableness**

    1.    <u>Substantial evidence supported the classes' damages and stipulated judgment amount</u>

First, Intervenor's assertion that Plaintiffs' counsel "did not testify to any knowledge of the records or the basis for the amounts recorded in them" is unsupported by any evidence. ECF No. 68 at 15. Reed Hein's defense counsel, Jack Lovejoy, provided Plaintiffs' counsel with instructions regarding how to utilize and interpret Reed Hein's customer and payment records. Reply Decl. Ex. 6; Ex. 7 at 133-134. Moreover, Catherine Cerbone, a former Reed Hein employee familiar with its customer and payment records, was an "available point of contact" for consultation regarding the damages calculations. *Id.* Ex. 7 at 150-151. Finally, both defense counsel testified they negotiated the stipulated judgment amount with Plaintiffs' counsel. ECF

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 3 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

No. 52 at 16, 28-29. After excluding inapplicable customer and payment information the negotiations arrived at "the total amount that was paid by members of the class" and "the number that would have been included" in a default judgment." *Id.* at 28-29.

Second, at the time of the settlement Defendants had not paid their settlement with the State. ECF No. 25-1 at 2, 10-11; 69-10 at 2. Thus, at the time there was no guarantee that Defendants would pay the State settlement. Nor was there ever any possibility of a "double recovery." Washington's double recovery rule applies to judgments based on a factfinder's adjudication and "determination of the amount of the loss resulting from actual litigation of the issue of damages." *Pac. 5000, L.L.C. v. Kitsap Bank*, 22 Wn. App. 2d 334, 344 (2022). Settlements "are not equivalent to an adjudication of liability through litigation" because they "are often made for reasons only tangentially related to the liability of the insured . . . including avoidance of the costs of litigation." *Allstate Ins. Co. v. Dejbod*, 63 Wn. App. 278, 286 (1991). Here, the consent decree stated it was a "settlement . . . without the need for trial or adjudication of any issue of law or fact." ECF No. 22 at 6.

Third, the speculative critique of Intervenor's expert, Drew Voth, regarding certain amounts included in the judgment ignores that the Court's determination of whether the judgment amount was within the "range of reasonableness" does not entitle Intervenor to an "'independent determination' of the extent of the insured's liability.'" *Hawkins v. ACE Am. Ins. Co.*, 32 Wn. App. 2d 900, 924 (2024) (quoting *Mut. of Enumclaw Ins. Co.*, 165 Wn.2d at 267).

Indeed, Voth assumed "Reed Hein Canada" was a "separate business" from Reed Hein at Intervenor's request. Reply Decl. Ex. 8 at 136. He had not "seen any financial statements from Reed Hein Canada," had no idea "to what extent Reed Hein Canada is commingled in other data," and had not attempted to calculate an offset from the judgment amount for supposed payments by

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 4 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

"Reed Hein Canada" customers. *Id.* at 135-136. But Voth did admit that the data relied on to calculate the judgment amount could support a jury award of $630,000,00. *Id.* at 151-152. Where the parties decided to "settle for an amount within the range of the evidence," that decision was "reasonable." *Martin v. Johnson*, 141 Wn. App. 611, 621 (2007).

Finally, the Court's determination similarly is limited to the "viability" of treble damages claims. *Bird v. Best Plumbing Grp., LLC*, 175 Wn.2d 756, 774 (2012). Intervenor admits a court would have had discretion to award treble damages to the classes. Intervenor's assertion that the 13 previous arbitration awards against Reed Hein involved varying fact patterns demonstrates Defendants' risk of that happening. **Every single arbitrator** awarded treble damages. ECF No. 25-18 at 1-36.

2. <u>The classes had provable and plausible liability theories</u>

The Court's consideration under this factor is limited to "the provable liability of the released party." *Glover v. Tacoma Gen. Hosp.*, 98 Wn.2d 708, 716 (1983) (internal quotation omitted). Thus, insurers are "not entitled to . . . relitigate theories that were 'unresolved at the time of settlement.'" *Hawkins*, 32 Wn. App. 2d 900, 924 (quoting *Wood v. Milionis Constr., Inc.*, 198 Wn.2d 105, 129 (2021)). Rather, courts are limited to determining the "viability of the plaintiff's liability" theories, i.e., whether they "had some plausible merit" or were "unequivocally . . . barred as a matter of law." *Justus v. Morgan*, 2017 WL 4277678, at *6.

This case was a putative class action. As Mr. Lovejoy testified, liability to a certified class was possible, especially where Defendants lacked funds to defend the case. ECF No. 52 at 13. Indeed, the Court determined class wide adjudication of liability issues was possible in granting class certification. ECF No. 23 at 2. Intervenor's admission that Defendants potentially faced a "92.85%" possibility of liability to classes of *tens of thousands* of former customers demonstrates

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 5 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

the settlement's reasonableness. ECF No. 68 at 17.

Finally, Intervenor speculates that some class members' claims—such as unspecified customers who allegedly received "at least some version of what they bargained for"—did not have "straightforward refund claims." ECF No. 68 at 18. But Washington Consumer Act ("CPA") plaintiffs may recover the costs of services received when they differ from those deceptively advertised, even when "competently performed." *See Williams v. Lifestyle Lift Holdings, Inc.*, 175 Wn. App. 62, 70, 74 (2013). Those were the class allegations in this case: that Defendants induced customers to pay for "timeshare exit" services through advertisements of a "proprietary process" to legally release timeshare obligations that did not exist and resulted in alleged "exits" that were not legally valid releases. ECF No. 1 at 1, 7-18, 21, 24. Such CPA claims were provable, plausible, and straightforward.

3. <u>Intervenor's hypotheticals of unpled and unresolved "defenses" that Defendants could not have funded is not evidence undermining reasonableness</u>

Intervenor posits that some class members' claims would have been barred by the CPA's four-year limitations period. But Washington law does not permit intervening insurers to "relitigate" defense theories that were "'unresolved at the time of the settlement.'" *Hawkins*, 32 Wn. App. 2d at 924 (quoting *Wood*, 198 Wn.2d at 129). Here, Defendants did not plead a statute of limitations defense (or any defense). Given that such a defense was absent from this case, much less resolved by a court or jury, no evidence supports its consideration for reasonableness purposes. Reply Decl. Ex. 9 at 19 (no weight given to insurer's *post hoc* "defense" arguments).

Moreover, Intervenor assumes such claims accrued four years before filing this action. But Washington applies a "discovery rule of accrual" and "fraudulent concealment" tolling rules to CPA claims. *Deegan v. Windermere Real Est./Ctr.-Isle, Inc.*, 197 Wn. App. 875, 892 (2017); *Tucker v. BMW of N. Am. LLC*, No. C20-5050 BHS, 2020 WL 5701844, at *5 (W.D. Wash. Sept.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 6 of 13

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

24, 2020). Here, the complaint alleged Defendants fraudulently concealed numerous material facts from their customers. ECF No. 1 at 1-2, 5, 13-17, 21-24, 27. This "uncertainty" regarding the defense weighs in favor of reasonableness. *Accord Wood*, 198 Wn. 2d at 128.

Finally, Defendants lacked funds to defend the case. Thus, this hypothetical "defense" is entitled to no weight. Reply Decl. Ex. 9 at 24; ECF No. 52 at 27-28 (defendants' lacked any "leverage" to further negotiate judgment amount).

4. <u>Intervenor's argumentative hypotheticals are not evidence contravening the parties' respective risks and costs of continuing litigation</u>

Intervenor's hypothetical that Defendants might have continued to face individual litigation if they had defeated class certification only underscores Defendants' enormous risks in continued litigation, particularly where Defendants lacked the funds to defend such claims out-of-pocket.

Moreover, Intervenor ignores that consideration of Plaintiffs' costs and risks of continuing litigation—including recovering nothing in bad faith litigation—"is exactly what the *Chaussee* factor 'risks of continuing litigation' is designed to capture." *CBS Corp. v. Ulbricht*, 2020 WL 622940 at *4 (2021). Washington courts have concluded that this risk weighs in favor of reasonableness. Reply Decl. 7 at 23-24. If this factor was limited to the underlying litigation "then courts would be unable to consider outside bankruptcy proceedings as they did in *Werlinger v. Warner*, 126 Wn. App. 342, 350-51 109 P.3d 22 (2005)." *Ulbricht*, 2020 WL 622940, at *4. Nothing about considering the possibility of this risk requires determining whether the Insurers' conduct "was justified" or whether they "may have good coverage defenses." ECF No. 68 at 20.

5. <u>Decades of Washington precedent holds that Defendants' inability to pay a possible judgment in this case weighs in favor of reasonableness</u>

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONFIRM REASONABLENESS OF SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 7 of 13



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Washington courts consistently have held that defendants' "limited ability to pay a judgment in excess of their liability coverage" clearly weighs *in favor* of reasonableness of a covenant judgment settlement. *See*, e.g., *Besel v. Viking Ins. Co. of Wash.*, 146 Wn.2d 730, 739 (settlement reasonable where the settling defendant "could not pay any judgment against him"); *Sykes*, 5 Wn. App. at 734 ("a judgment for [the plaintiff] could have resulted in bankruptcy and financial ruin for [the settling defendant]").

6. <u>Neither the facts nor law support Intervenor's claimed bad faith, collusion, or fraud</u>

Contrary to Intervenor's misrepresentation that there were not "any negotiations over the actual amount of the covenant judgment settlement, " ECF No. 68 at 21, as discussed above the stipulated judgment amount *was* negotiated by the parties' counsel.

Similarly, Intervenor omits evidence regarding why Defendants did not pay the arbitration fee for Plaintiffs' claims. Mr. Lovejoy testified that, prior to the arbitration demand's filing, Reed Hein already had paid to defend over 40 other arbitrations and the State's lawsuit. Reply Decl. Ex. 10 at 95-97. At the time, Reed Hein was running out of money. *Id.* at 98. Indeed, Intervenor concedes "Reed Hein ceased to be a going concern and had no ability to generate additional money" after its State settlement. ECF No. 68 at 21.

Finally, "an insurer refusing to defend exposes its insured to business failure and bankruptcy." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn. 2d 751, 765 (2002). For these reasons, Washington has "endorsed the propriety" of covenant judgment settlements. *Bird*, 175 Wn.2d at 765. Thus, protection from personal liability is a "generic characteristic[] of a covenant judgment," not evidence of bad faith, collusion, or fraud. *Sykes*, 5 Wn. App. 2d at 735.

7. <u>Intervenor's myopic focus on "litigation" in this case ignores Plaintiffs' investigation and preparation from years of successful Reed Hein litigation</u>

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONFIRM REASONABLENESS OF SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 8 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Intervenor's contention that this case "was not litigated in any substantial way" fails to acknowledge that Plaintiffs' counsel was extensively informed regarding liability and damages theories and from years of successful litigation against Reed Hein. ECF No. 68 at 22.

8. <u>Intervenor's interests will have been addressed in two reasonableness hearings</u>

The settling parties were not required to invite Intervenor to participate in settlement negotiations. An insurer disputing coverage cannot compel an insured to forego a settlement relieving the insured of any personal liability when their coverage is in doubt. *Sykes*, 5 Wn. App. at 736. Thus, Washington "has long recognized the ability of an insured defendant facing claims by a plaintiff to ***independently*** negotiate a settlement . . . ." *Wood*, 198 Wn.2d at 120 (emphasis added). Instead, reasonableness hearing addresses the Insurers' interests. *Id.* at 132.

**D.    Intervenor's Lack of Due Diligence and Inexcusable Neglect Cannot Demonstrate Reopening Discovery is Necessary to Reconfirm Reasonableness in This Action**

Intervenor does not dispute that due process only requires reasonable notice of the hearing and an opportunity to be heard. *Howard v. Royal Specialty Underwriting, Inc.*, 121 Wn. App. 372, 379 (2004). Declining to reopen discovery is entirely within the Court's discretion. *Wood*, 198 Wn.2d at 133. Reopening discovery is unnecessary where the insurer had a previous "opportunity to participate in discovery." *Howard*, 121 Wn. App. at 379. Intervenor summarizes what information it ***hopes*** to obtain from four additional lay witnesses. But it fails to explain how this is information "that it does not already have," why that information is "require[d] in order to respond to the *Chaussee* factors," and "why it cannot present facts essential to justify its opposition to the settlement amount" as the Court ordered. ECF No. 65 at 3.

There is no explanation. Intervenor had a "full opportunity" over two-and-a-half years in the related action to conduct discovery and otherwise defend itself from liability. *Howard*, 121 Wn. App. at 380. As the parties' filings demonstrate, the basis for and amount of the stipulated

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 9 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

judgment; the litigation history; and the facts underlying this settlement were at issue. Intervenor's proposed lay witnesses would revisit previously explored topics. And they were not unknown quantities. Two are parties; Intervenor's brief cites Ms. Cerbone's publicly filed declarations; and Mr. Hancock's involvement was a matter of public record. ECF No. 29, 40. Intervenor does not contend it did not know about or could not have discovered and deposed them in the related action.

It cannot. Intervenor delayed proposing depositions regarding this settlement until October 13, 2025—nearly one-and-a-half months before the November 21 discovery cutoff. Reply Decl. Ex. 11. Intervenor proposed beginning on October 28 and only included Mr. Reed. *Id.* Intervenor neither deposed him nor moved for a discovery cutoff extension. Reply Decl. ¶4. Rather than discovery required to reconfirm reasonableness, Intervenor seeks discovery for use in ***the related action*** where it lacked good cause for a ***fourth*** discovery cutoff extension. Reply Decl. Ex. 12.

Intervenor also fails to explain why ***deposing*** Plaintiffs' reasonableness expert is required. Allowing an insurer a week to respond to expert declarations "in writing" is sufficient. *Sykes*, 5 Wn. App. 2d at 737. After having 39 days to respond, Intervenor's overlength brief did not respond to Mr. Wampold's testimony or submit a competing expert declaration. Intervenor's tactical decisions or lack of due diligence cannot demonstrate a "need" to depose Mr. Wampold.

## II.     CONCLUSION

Plaintiffs twice now have met their burden to demonstrate reasonableness. Intervenor's failure to meet this substantial evidence with little more than speculation; legal and factual misrepresentations; unsupported, conclusory arguments; or any compelling justification for a second chance at discovery underscores why the Court should proceed to reconfirm reasonableness without further delay. Plaintiffs respectfully request the Court do so through a standard motion hearing the week of February 9.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
RECONFIRM REASONABLENESS OF
SETTLEMENT
NO. 2:21-cv-01378-BJR
Page 10 of 13



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1  SIGNED this 4th day of February, 2026.

PFAU COCHRAN VERTETIS AMALA PLLC

By: */s/ Christopher E. Love*
Darrell L. Cochran, WSBA No. 22851
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832
*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONFIRM REASONABLENESS OF SETTLEMENT
NO.  2:21-cv-01378-BJR
Page 11 of 13

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

# CERTIFICATE OF SERVICE

I, **Katie Hedger**, hereby declare under penalty of perjury under the laws of the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system which will send notification of such filing to the following:

Daniel J. Bugbee
DBS Law
155 NE 100th St Ste 205
Seattle, WA 98125
(206)489-3802
dbugbee@lawdbs.com
*Attorney for Defendant Brandon Reed*

Steven W. Fogg
Jack M. Lovejoy
John T. Bender
Maia R. Robbins
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104
(206)625-8600
sfogg@corrcronin.com
*Attorney for Defendants Reed Hein & Associates, LLC, and Makaymax, Inc.*

Michael D. Handler
Sarah P. Pozzi
Forsberg & Umlauf, P.S.
901 5th Ave. Ste. 1400
Seattle, WA 98164
mhandler@foum.law
spozzi@foum.law
*Attorneys for Intervenor General Casualty Company of Wisconsin*

DATED this 4th day of February, 2026.

By: */s/Katie Hedger*
Katie Hedger
Legal Assistant



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654